# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
### (Newark Vicinage)

| | | |
|---|---|---|
| EDWIN PARRA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. |
| | : | |
| v. | : | |
| | : | |
| PRAVCO, INC., | : | |
| JOHN/ JANE DOES 1-10, | : | |
| fictitious persons; ABC CORP. | : | |
| 1-10, fictitious entities | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Edwin Parra, by and through his attorneys Malamut & Associates, LLC, complaining of the defendants, deposes and says:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Edwin Parra is an adult individual and a citizen of the State of New Jersey. At all relevant times, he was employed by the Defendant.

2. Defendant Pravco, Inc. has a business office located in Rahway, New Jersey and was at all relevant times Plaintiff's employer.

3. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, franchisors, franchisees, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, owned/operated the franchise or are otherwise responsible for the actions of Defendant.

4. This Court has subject matter jurisdiction over this action because Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* This Court also has personal jurisdiction over both parties; specifically, it has general jurisdiction over the Plaintiff

and the Defendant, and specific jurisdiction over the events that gave rise to Plaintiff's wrongful termination.

5. Venue for this action properly lies in Newark Vicinage. because it is the county where the events underlying this action took place.

### FIRST COUNT

6. Plaintiff repeats and realleges each allegation of the previous sections/counts as if fully set forth herein at length.

7. Plaintiff was employed by the Defendant for approximately four years.

8. Throughout his time with the Defendant, the Defendant did not properly pay overtime wages to its employees.

9. Specifically, while the Defendant paid a higher wage for overtime work, the Defendant did not pay time and a half wage.

10. Plaintiff complained about this multiple times, including to his supervisor.

11. When confronted, a supervisor for the Defendant acknowledged that he knew this was not the proper overtime wage, but that his superior boss instructed him to do it this way for tax purposes.

12. Plaintiff continued to object to this practice, and was terminated on June 20, 2022.

13. Plaintiff's supervisor who terminated him knew that the termination was wrong, and later admitted to one of Plaintiff's coworkers that he "felt bad" about terminating him.

14. Defendant intentionally violated the FLSA in multiple respects.

15. First, Defendant negligently, knowingly, and/or intentionally violated the FLSA by failing to pay the proper overtime rate.

16. Second, Defendant negligently, knowingly, and/or intentionally violated the FLSA by terminating the Plaintiff in retaliation for his complaints.

17. The Defendant failed to act in a good faith attempt to satisfy the requirements of the FLSA when it failed to pay the Plaintiff overtime and terminated him in retaliation.

18. The upper-level managers of Defendant knew or should have known about the retaliation, harassment, and constructive discharge of the Plaintiff, and rather than stop it, allowed it to happen and participated in it.

19. Plaintiff suffered emotional distress, upset, and humiliation due the Defendant's actions.

20. Plaintiff suffered and continues to suffer financial loss due to his constructive discharge.

21. In addition, the financial loss contributes to Plaintiff's distress, upset, and humiliation.

22. Lastly, the intentional and malicious actions of the Defendant and Defendant's upper-level managers justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff, Edwin Parra, demands judgment against the Defendants Pravco, Inc., John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by Fair Labor Standards Act; and any and all relief that the Court deems just and proper.

## SECOND COUNT

23. Plaintiff incorporates all of the facts in all of the preceding paragraphs as if stated at length herein.

24.     Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, are fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of the Defendants.

25.     The Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted the Defendants in violating the Fair Labor Standards Act.

26.     The Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendants in discriminating against, retaliating against, and terminating the Plaintiff.

27.     The Defendants John/Jane Does 1-10 and ABC Corp. 1-10 are liable, jointly, severally, or in the alternative, to Plaintiff for damages stemming from his wrongful termination in violation of Fair Labor Standards Act including losses, damages, emotional distress, punitive damages, and attorney's fees.

**WHEREFORE**, the Plaintiff, Edwin Parra, demands judgment against the Defendants Pravco, Inc., John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by the Fair Labor Standards Act; and any and all relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by a jury of six (6) jurors as to all issues raised in these pleadings.

        **MALAMUT & ASSOCIATES, LLC**
        *Attorneys for Plaintiff*

        */s/ Mark R. Natale*
        Mark R. Natale, Esquire – No. 071292014
        457 Haddonfield Rd, Suite 500
        Cherry Hill, NJ 08002
        Telephone: 856-424-1808
        Fax: 856-424-2032
        Email: mnatale@malamutlaw.com

Date:   June 14, 2022